IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NITALIA PENA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:25-CV-277-KFP |
| ) | |
| ALABAMA DEP'T OF PUB. HEALTH ) | |
| and SCOTT HARRIS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants Alabama Department of Public Health (ADPH) and Scott Harris's Motion to Dismiss. Doc. 10. The motion is fully briefed and ripe for review. Upon consideration of the parties' filings and applicable case law, the Court finds the Motion to Dismiss is due to be GRANTED in part and DENIED in part.

**I.     BACKGROUND**

Plaintiff Natalia Pena alleges[1] in 2019, she started suffering from health issues "due to her qualified disabilities." Doc. 1 ¶ 9. In October 2021, while she was working for ADPH, she suffered a seizure while at work. *Id.* ¶ 14. Following this incident, Plaintiff "applied for FMLA[2] with ADPH for leave due to her serious illness[] and to seek proper medical care and determine the cause of her active seizures." *Id.* ¶ 15.

---

[1] For purposes of this recitation of the facts, based on the Rule 12(b)(6) challenge to the Complaint, the court takes Plaintiff's allegations as true.

[2] Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2615 et seq.

Beginning in December 2021, Plaintiff avers she made attempts to return to work, but ADPH both "did not respond to her," yet also did not "allow [her] to return to work." *Id.* ¶ 16.[3] Plaintiff also claims during a range of unspecified dates (*Id.* ¶¶ 17–28),[4] she sought accommodations from ADPH, including an accommodation for her "inability to drive." *Id.* ¶ 22. She does not identify any other accommodations she requested or was denied.

Subsequently, "on January 24, 2022, Defendant Scott Harris mailed a letter to [Plaintiff's] mother's address . . . advising [Plaintiff] that 'it had been recommended to me by your supervisors that you be dismissed from employment with the Alabama Department of Public Health.'" <u>Id.</u> ¶ 29. This letter notified her of a "pre-termination conference" scheduled for January 28, 2022. *Id.* ¶ 29. While Plaintiff claims she never received this letter, she acknowledges she learned of this conference from her phone call with Danita Rose[5] on January 27, 2022. *Id.* ¶ 30.

---

[3] From the face of the Complaint, it is unclear what occurred between October 2021 and December 7, 2021. Doc. 1 ¶¶ 14–16. However, the statements made in her EEOC Charge reflect that she had taken FMLA after the seizure and then sought to return to work on December 7, 2021. Doc. 15-2. *See Caetio v. Spirit Coach, LLC*, 992 F. Supp. 2d 1199, 1208 (N.D. Ala. 2014) ("As the EEOC charges are referenced in plaintiffs' complaint and are central to their claims, this court will consider those forms on defendant's motion to dismiss without converting the motion into a motion for summary judgment.").

[4] Plaintiff's EEOC Charge of Discrimination and Affidavit (Doc. 15-2) alleges facts that appear to be related to the accommodation requests described in her Complaint. The Affidavit lists a series of dates between December 3, 2021, and February 1, 2022, in which Plaintiff "submitted ADA requests" that "included clear request for reasonable accommodations." Doc. 15-2 at 2–3.

[5] Elsewhere in the Complaint, Plaintiff identifies "Donita Rose" as a member of HR personnel at ADPH. Doc. 1 ¶¶ 27, 60, 102. Plaintiff refers to this individual interchangeably as "Danita Rose." Doc. 1 ¶¶ 16, 17, 30, 46, 47, 63, 88, 89, 105, 136, 144, Plaintiff claims she "filed a claim of disability discrimination" with Rose "through the Alabama State Employee's Association." Doc. 1 ¶ 27.

Following the meeting, Plaintiff claims she received an emailed copy of the letter from Harris "advising [her] she had been terminated from her employment." *Id.* ¶ 31.

## II.    STANDARD OF REVIEW

Defendants' jurisdictional challenges asserted under the Rule 12(b)(1) standard appear to solely allege a facial challenge to Plaintiff's complaint. Doc. 10 at 7–9; Doc. 16 at 3–4. Defendants' argument concerning whether Plaintiff has failed to state a claim pursuant to Rule 12(b)(6) involves only Counts I and II. The Court must resolve at the outset what standard is appropriate. *Willet v. United States*, 24 F. Supp. 3d 1167, 1173 (M.D. Ala. 2014).

"A motion to dismiss under Rule 12(b)(1) challenges the court's subject-matter jurisdiction, and Rule 12(b)(1) permits a facial or factual attack." *Id.* (citing *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007)). A facial challenge attacks "whether a plaintiff 'has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021) (quoting *Lawrence v. Dunbar*, 919 F.3d 1525, 1529 (11th Cir. 1990)). This is a similar standard to the Rule 12(b)(6) standard. *Willet*, 24 F. Supp. at 1173. Alternatively, a factual challenge attacks "the existence of subject matter jurisdiction irrespective of the pleadings, and extrinsic evidence may be considered." *Kennedy*, 998 F.3d at 1230.

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22

3

(11th Cir. 2012). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and each factual allegation should be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). To "state a claim to relief that is plausible on its face[,]" a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (first quoting *Twombly*, 550 U.S. at 570).

"The plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (per curiam) (quoting *Twombly*, 550 U.S. at 556). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Id.*

### III.    DISCUSSION

Plaintiff alleges four counts against Defendants ADPH and Scott Harris. In Count I, Plaintiff alleges ADPH discriminated against her by failing to accommodate her disability in violation of the Rehabilitation Act. Doc. 1 ¶¶ 38–79. In Count II, she alleges ADPH retaliated against her in violation of the Rehabilitation Act. *Id.* ¶¶ 80–120. In Count III, she sues Harris in his official capacity for discrimination and retaliation in violation of the Rehabilitation Act and seeks "all legal and equitable, prospective and injunctive

4

remedies available under the ADAA." *Id.* ¶¶ 121–129. In Count IV, she alleges ADPH retaliated against her for exercising her FMLA rights. *Id.* ¶¶ 146–150.

In Defendants' Motion to Dismiss, Defendants argue sovereign immunity protects (1) ADPH from the Rehabilitation Act claims in Counts I and II (Doc. 10 at 7) and the FMLA retaliation claim in Count IV (*Id.* at 9) and (2) Harris from the Rehabilitation Act claims in Count III (*Id.* at 7–9). They further argue (3) Plaintiff's Paragraph 27 disability discrimination allegation related to the claim presented through the Alabama State Employee's Association (ASEA) is time-barred as the claim was filed beyond the 180-day time period after the discrimination occurred (*Id.* at 9); (4) Plaintiff's Rehabilitation Act claims alleged in Counts I and II against ADPH are due to be dismissed for Plaintiff's failure to state a claim (*Id.* at 10–14); and (5) Section 504 of the Rehabilitation Act precludes the award of punitive damages in private suits.

The Court will first address Defendants' jurisdictional arguments, which are facial challenges to the Court's jurisdiction over Plaintiff's claims arising under the Rehabilitation Act and the FMLA. Next, the Court will address Defendants' argument concerning whether one of Plaintiff's allegations is time-barred. Finally, the Court will address Defendants' Rule 12(b)(6) arguments concerning whether Plaintiff failed to state a claim against ADPH under the Rehabilitation Act.

> A. **Sovereign Immunity**
>> 1. **Rehabilitation Act Claims Against ADPH**

In Counts I and II, Plaintiff alleges ADPH has discriminated against her by failing to accommodate her and by acting in retaliation. In their Motion, in the section arguing

5

Harris has sovereign immunity, Defendants assert that because "the Alabama Department of Public Health is an arm of the State" it "is thus entitled to assert sovereign immunity." Doc. 10 at 7. Elsewhere, Defendants weave in an argument that "Plaintiff's Complaint against the State, and the arms of the State, fails to sufficiently allege subject matter jurisdiction based on . . . sovereign immunity." *Id.* at 4.

"The nature and purposes of Eleventh Amendment immunity suggest that it is a threshold issue." *Bouchard Transp. Co. v. Florida Dep't of Envtl. Protection*, 91 F.3d 1445, 1448 (11th Cir. 1996) (per curiam). "While the Supreme Court has held that the Eleventh Amendment is not jurisdictional in the sense that courts must address the issue *sua sponte*, *Patsy v. Board of Regents*, 457 U.S. 496, 515 n.19 (1982), the Court has held that Eleventh Amendment immunity is in the nature of a jurisdictional bar." *Id.*

However, "[u]nlike most subject matter jurisdiction issues . . . the Eleventh Amendment does not automatically deprive a court of original jurisdiction." *McClendon v. Ga. Dep't of Cmty. Health*, 261 F.3d 1252, 1257 (11th Cir. 2001). Instead, "the Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so." *Id.* (quoting *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 389 (1998)). "Thus, unlike other jurisdictional bars, federal courts are required to consider whether the Eleventh Amendment strips them of jurisdiction only if the state defendant insists that it does." *Id.*

"The Eleventh Amendment protects the immunity of not only the states, but of state agencies and entities that function as an 'arm of the state.'" *Ross v. Jefferson Cnty. Dep't of Health*, 701 F.3d 655, 659 (11th Cir. 2012) (per curiam) (quoting *Manders v. Lee*, 338

6

F.3d 1304, 1308 (11th Cir. 2003) (en banc)). In the context of claims brought pursuant to section 504 of the Rehabilitation Act, "Section 2000d-7 unambiguously conditions the receipt of federal funds on a waiver of Eleventh Amendment immunity to claims under section 504 of the Rehabilitation Act. [So] [b]y continuing to accept federal funds, the state agencies have waived their immunity." *Garrett v. Univ. of Ala. at Birmingham Bd. of Trs.*, 344 F.3d 1288, 1293 (11th Cir. 2003) (per curiam). "[T]he Eleventh Circuit has squarely held that Alabama state agencies have waived Eleventh Amendment immunity against claims under the Rehabilitation Act." *Linzy v. Ala. Dep't of Pub. Health*, 2020 U.S. Dist. LEXIS 196371, at *2 (M.D. Ala. Oct. 22, 2020)[6] (citing *Garrett*, 344 F.3d at 1293). ADPH is a state agency which continues to accept federal funds. *Id.* Because immunity for claims asserted under the Rehabilitation Act has been conditioned on the receipt of federal funds, *Garrett*, 344 F.3d at 1293, ADPH does not have Eleventh Amendment immunity from Plaintiff's Section 504 claims.

For the above stated reasons, the Court finds it has subject matter jurisdiction over the Rehabilitation Act claims asserted against ADPH in Counts I and II.

Defendants also argue that Plaintiff's claims for punitive damages are due to be dismissed because "[p]unitive damages may not be awarded in private suits brought under § 504 of the Rehabilitation Act." Doc. 10 at 14 (citing *Barnes v. Gorman*, 536 U.S. 181, 189–90 (2002)).

---

[6] Here, and elsewhere in this Opinion, the Court cites to non-binding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

The Supreme Court has held that Spending Clause litigation, including Title VI of the 1964 Civil Rights Act and Section 504 of the Rehabilitation Act, prohibits punitive damages awards. *See Barnes*, 536 U.S. at 189–90. Because punitive damages are not available in private suits under the Rehabilitation Act, to the extent Plaintiff seeks punitive damages in this private suit against ADPH, such a remedy is not available. For these reasons, Defendants' motion to dismiss the punitive damages claim is due to be granted.

### 2. Rehabilitation Act Claims Against Harris

In Count III, Plaintiff alleges Harris discriminated against her in violation of the Rehabilitation Act by failing to provide her with a reasonable accommodation for her disability and for retaliating against her by terminating her employment. Doc. 1 ¶¶ 126–28. Harris argues he is immune from Rehabilitation Act claims asserted against him in his official capacity. In response, Plaintiff argues that the government has waived Eleventh Amendment immunity for Rehabilitation Act claims, and that because she seeks prospective equitable relief her claim falls under the *Ex parte Young* exception.[7]

Here, the claims asserted are against Harris in his official capacity. Doc. 1 ¶¶ 125–128. As stated above, "[t]he Eleventh Circuit has squarely held that Alabama state agencies have waived Eleventh Amendment immunity against claims under the Rehabilitation Act." *Linzy*, 2020 U.S. Dist. LEXIS 196371, at *2 (citing *Garrett*, 344 F.3d at 1293). ADPH is a state agency which continues to accept federal funds. *Id.* Because immunity for claims asserted under the Rehabilitation Act has been conditioned on the receipt of federal funds,

---

[7] *Ex parte Young*, 209 U.S. 123 (1908).

*Garrett*, 344 F.3d at 1293, neither ADPH nor its officials have Eleventh Amendment immunity from Plaintiff's Section 504 claims.

"[O]nly State officers named in their official capacity—and not State agencies—may be defendants in [a declaratory-judgment action]." *Ala. Dep't of Pub. Health*, 267 So. 3d at 875 (first alteration in original) (quoting *Ala. Dep't of Transp. v. Harbert Int'l, Inc.*, 990 So. 2d 831, 839 (Ala. 2008)). Likewise, "state officials acting in their representative capacities may be sued in actions for injunctions." *Redbud Remedies, LLC v. Ala. Med. Cannabis Comm'n*, 399 So. 3d 1055, 1060 (Ala. Civ. 2024) (per curiam). "[I]t is clear that the Eleventh Amendment does not bar suits that seek prospective relief against state officials for continuing violations of federal law." *Williams v. Ala. DOT*, 119 F. Supp. 2d 1249, 1254 (M.D. Ala. 2000) (citing *Ex parte Young*, 209 U.S. 123 (1908)). "[O]fficial capacity suits for prospective relief to enjoin state officials from enforcing unconstitutional acts are not deemed to be suits against the state and thus are not barred by the Eleventh Amendment." *Scott v. Taylor*, 405 F.3d 1251, 1255 (11th Cir. 2005) (citing *Ex parte Young*, 209 U.S. 123)). "[T]he Eleventh Amendment bars suits against state officials in federal court seeking retrospective or compensatory relief, but does not generally prohibit suits seeking only prospective injunctive or declaratory relief." *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1337 (11th Cir. 1999). "If the prospective relief sought is the functional equivalent of money damages, however, *i.e.*, 'it is measured in terms of a monetary loss resulting from a past breach of a legal duty,' *Ex parte Young* does not apply." *Id.* (quoting *Edelman v. Jordan*, 415 U.S. 651, 669 (1974)).

The relief Plaintiff seeks in the form of "equitable, prospective and injunctive remedies" includes, specifically, a judgment awarding her the ability to "return to employment with ADPH." Doc. 1 ¶ 129. Returning to employment is not an award comprising "a monetary loss resulting from a past breach of a legal duty," thereby, it is not the functional equivalent of money damages. *Summit*, 180 F.3d at 1337. Further, the Eleventh Circuit has held "that requests for reinstatement constitute prospective injunctive relief that fall within the scope of the *Ex parte Young* exception, and thus, are not barred by the Eleventh Amendment." *Lane v. Cent. Ala. Cmty. College*, 772 F.3d 1349, 1351 (11th Cir. 2014). As such, Plaintiff's claims against Harris in his official capacity seeking the award of prospective relief in the form of "return to employment" are cognizable pursuant to the *Ex parte Young* exception.

For these reasons, to the extent Plaintiff is seeking prospective injunctive relief, the Court finds the claims in Count III may proceed.

### 3. FMLA Self-Care Provision

In Count IV of Plaintiff's complaint, she alleges ADPH retaliated against her for exercising an FMLA right. Doc. 1 ¶¶ 149–50. ADPH contends it enjoys sovereign immunity for claims alleged pursuant to FMLA's self-care provision.

"In *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30 (2012), the Court considered a suit brought under the FMLA's 'self-care' provision, which entitles an eligible employee to leave necessitated by 'a serious health condition that makes [her] unable to perform the functions of [her] position.'" *Williams v. Bd. of Trs. of the Univ. of Ala*, 128 F.4th 1208, 1215 (11th Cir. 2025) (quoting 29 U.S.C. § 2612(a)(1)(D)). There, "[t]he

[Supreme] Court held that, with respect to self-care suits, Congress had *not* satisfied the Fourteenth Amendment congruence-and-proportionality requirement and, accordingly, that the states remain immune to suit (absent their consent) for self-care-based FMLA lawsuits." *Id.* at 1216 (citing *Coleman*, 566 U.S. at 43–44).

Here, Plaintiff alleges "ADPH brazenly, falsely, willfully, and without evidence, decided to terminate [Plaintiff's] employment with ADPH in willful retaliation for applying for and/or taking leave as allowed by FMLA." Doc. 1 ¶ 146. She further claims she was entitled to leave pursuant to 29 U.S.C. § 2612(1) for the "seriousness of [her] health condition" and this leave was "willfully and wantonly denied." *Id.* ¶ 148. Plaintiff's arguments solely relate to her own health condition and are thus brought pursuant to FMLA's self-care provision.

In response to ADPH's challenge to the jurisdictional basis for Plaintiff's FMLA claim, Plaintiff presents no argument and instead asserts her FMLA claim is not time-barred as "actions based on willful conduct must be brought within three years of the alleged violation." Doc. 15 at 18 (citing 29 U.S.C. § 2617(c)(2)). Plaintiff's arguments do not address the Supreme Court precedent holding that states have immunity for claims brought pursuant to the self-care provision of the FMLA. *Williams*, 128 F.4th at 1216.

Because state agencies are immune from self-care-based claims arising under the FMLA, Count IV is due to be dismissed.

11

### B.  Timeliness of Claims to EEOC

ADPH argues the alleged discrimination asserted in Paragraph 27 is not actionable because it was not filed within the requisite 180-day period, Doc. 10 at 9, and Plaintiff fails to assert the date on which this discrete act of discrimination occurred. Doc. 16 at 8.

"A condition precedent to bringing [an] action under Title VII [is] a timely filing of a [] discrimination charge with the EEOC." *Thomas v. Florida Power & Light Co.*, 764 F.2d 768, 769 (11th Cir. 1985). "To be timely, the charge ha[s] to be filed within 180 days after the alleged discriminatory act." *Id.* at 769–70 (citing 42 U.S.C. § 2000e-5(e)).

In Paragraph 27, Plaintiff alleges "ADPH informed the ASEA that [Plaintiff] could only return to work without limitation or accommodation, or otherwise she would be terminated from her employment." Doc. 1 ¶ 27. While ADPH argues this "discrete act" of discrimination is due to be dismissed for failure to include a date, ADPH has not adequately shown how the facts pleaded fail to fall within the 180-day requirement, nor does ADPH connect this particular act to any of the substantive Counts Plaintiff has alleged. Plaintiff's Complaint lists this alleged act of discrimination within the narrative of events seemingly arising from her informing staff at ADPH "of her intent to return from leave." *Id.* ¶ 16. Paragraphs 17 through 26 list her attempts to "request reasonable accommodations" in relation to her alleged condition. *Id.* ¶¶ 17–26. It is after these paragraphs Plaintiff claims she filed a claim of disability discrimination through ASEA. *Id.* ¶ 27. In her EEOC charge filed on May 17, 2022, she claims that on a range of dates beginning on December 3, 2021, and continuing through February 1, 2022, Plaintiff made "ADA requests" to certain entities, including Alabama State Personal. Doc. 15-2 at 2–3. All of these dates fall within

the 180-day time frame, and it is possible from the face of the Complaint and the EEOC charge that the allegations in paragraph 27 could have occurred within the 180-day time frame.

Therefore, the Court finds that ADPH has not at this time carried its burden to show this particular allegation is time-barred. For these reasons, ADPH's argument seeking dismissal of an alleged fact stated in paragraph 27 is due to be denied.

### C. Rehabilitation Act Claims – Counts I & II

Defendants argue Plaintiff's allegations in Counts I and II fail to establish Plaintiff is a qualified individual with a disability, and that because of this, Plaintiff has failed to state a claim for disability discrimination or retaliation under the Rehabilitation Act. Doc. 10 at 6, 10.

"The Rehabilitation Act prohibits federal agencies from discriminating in employment against individuals with disabilities." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam). "The standard for determining liability under the Rehabilitation Act is the same as that under the ADA." *Sutton v. Lader*, 185 F.3d 1203, 1208 n.5 (11th Cir. 1999). "Congress intended for courts to rely on Rehabilitation Act cases when interpreting similar language in the ADA." *Pritchard v. S. Co. Servs.*, 92 F.3d 1130, 1132 n.2 (11th Cir. 1996). "[T]hus cases involving the ADA are precedent for those involving the Rehabilitation Act." *Ellis*, 432 F.3d at 1326.

#### 1. Reasonable Accommodation

Defendants argue Plaintiff has failed to state a claim for reasonable accommodation under the Rehabilitation Act because she has "failed to establish that she was a 'qualified

13

individual with a disability.'" Doc. 10 at 10. Defendants emphasize Plaintiff "cannot perform the essential functions of her job, with or without reasonable accommodation." *Id.* at 14. In support of this claim, Defendants argue Plaintiff's "Designation Notice for her FMLA leave" required her "to present a fitness for duty certificate to be restored to employment," and because her medical provider certified that Plaintiff "is unable to perform work functions," Plaintiff was thus not "qualified" to perform the essential functions of her job."[8] *Id.* at 10.

"To survive a motion to dismiss, an employment discrimination plaintiff is not required to plead facts to establish a prima facie case under the *McDonnell Douglas*[9] framework." *Chambers v. Houston Cnty. Health Care Auth.*, 2021 U.S. Dist. LEXIS 178491, at *6 (M.D. Ala. Sept. 20, 2021) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002)). However, "the allegations must at least fulfill the statutory elements of a discrimination claim." *Jimenez v. Fla. Supplement, LLC*, 2016 U.S. Dist. LEXIS 123968, at *5 (S.D. Fla. Sept. 13, 2016) (citing *Hunt v. Aimco Props., LP*, 814 F.3d 1213, 1221 (11th Cir. 2016)). The statutory elements of a discrimination claim require Plaintiff plead facts showing "(1) he is disabled; (2) he was a 'qualified individual' at the relevant time,

---

[8] In support of its argument, ADPH attaches an Affidavit and several pieces of medical documentation to establish that Plaintiff was not a "qualified individual" because "the Department never received a fitness-for-duty certificate for [Plaintiff]." Doc. 10 at 10, 12. The Court may consider extrinsic evidence on a Rule 12(b)(6) motion to dismiss "without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). The Court finds that the attachments to the Motion to Dismiss are not necessary to resolve Defendants' arguments in their motion to dismiss. *See Baker v. City of Madison*, 67 F.4th 1268, 1276 (11th Cir. 2023) ("Generally, when considering a motion to dismiss, the district court must limit its consideration to the pleadings and any exhibits attached to it.").

[9] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

meaning he could perform the essential functions of the job in question with or without reasonable accommodations; and (3) he was discriminated against because of his disability." *Lucas v. WW. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001).

The first element of a reasonable accommodation claim is not in dispute. For the purposes of resolving the motion, Plaintiff has pleaded facts that she is disabled. ADPH's sole argument concerns whether Plaintiff has shown she is a qualified individual.

To state a claim for a reasonable accommodation, the pleading "must contain allegations regarding her status as a 'qualified individual,' and that Defendant discriminated against her based upon her disability." *Jimenez*, 2016 U.S. Dist. LEXIS 123968, at *6. "To show that she is qualified, she must allege that she is 'able to perform the essential function of the employment position [s]he holds . . . .with or without reasonable accommodation.'" *Id.* (alteration in original) (quoting *Reed v. The Heil Co.*, 206 F.3d 1055, 1061 (11th Cir. 2000)). "A plaintiff is a 'qualified individual' if she 'with or without reasonable accommodation, can perform the essential functions of the employment position that [she] holds or desires.'" *Todd v. Fayette Cnty. Sch. Dist.*, 998 F.3d 1203, 1216 (11th Cir. 2021) (alteration in original) (quoting 42 U.S.C. § 12111(8)).

In the Complaint, Plaintiff cites to various instances involving her "accommodation requests" and the "supporting medical documentation" she provided to her employer. Doc. 1 ¶¶ 46–48. At least one of these accommodations included "her inability to drive" following her diagnosis. *Id.* ¶ 52. She alleges ADPH both "ignored [her] accommodation requests and deliberately refused [her] the opportunity to return to work," *Id.* ¶ 57, and that

"ADPH intentionally, deliberately, and willfully discriminated" against her and refused to offer reasonable accommodations. *Id.* ¶¶ 75–76.

Nowhere in this string of allegations does Plaintiff plead any facts relating to whether she is able to perform the essential functions of her position. *Lucas*, 257 F.3d at 1255. She only pleads facts highlighting that she made an "accommodation request" and that possibly one of those accommodations included her inability to drive. Doc. 1 ¶ 52. As Defendant contends, these statements are conclusory, Doc. 10 at 6, and fail to adequately support the pleading standard for a claim of reasonable accommodation. *Lucas v. WW. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001).

For these reasons, the Court finds Plaintiff has failed to state a claim for a reasonable accommodation under the Rehabilitation Act. ADPH's Motion to Dismiss is due to be granted as to Count I.

### 2. Retaliation

Defendants argue "Plaintiff has failed to establish that she was a 'qualified individual with a disability,'" and thus she cannot sue for retaliation under the Rehabilitation Act. Doc. 10 at 10. In support of this, Defendants emphasize that because her medical provider certified Plaintiff "is unable to perform work functions," Plaintiff was thus not "qualified" to perform the essential functions of her job." *Id.* at 10.

"The Rehabilitation Act incorporates the anti-retaliation provision from § 12203(a) of the Americans with Disabilities Act ("ADA")." *Burgos-Stefanelli v. Sec'y, United States Dep't of Homeland Sec.*, 410 F. App'x 243, 245 (11th Cir. 2011). "[T]he ADA's anti-retaliation provision[]" provides "[n]o person shall discriminate against an individual

16

because such individual has opposed any act or practice made unlawful by this chapter." *Id.* (third alteration in original) (quoting 42 U.S.C. § 12203(a)). Because "[t]his anti-retaliation provision is similar to Title VII's prohibition on retaliation . . . we assess retaliation claims pursuant to the Rehabilitation Act under the framework we use in assessing Title VII retaliation claims." *Id.* To state a claim, the plaintiff must allege "first that she engaged in statutorily or constitutionally protected expression; second, that she suffered an adverse action; and third, that 'the adverse action was causally related to her protected expression.'" *Palmer v. Elmore Cnty. Bd. of Educ.*, 2023 U.S. Dist. LEXIS 16782, at *6–7 (M.D. Ala. Feb. 1, 2023) (quoting *Higdon v. Jackson*, 393 F.3d 1211, 1219 (11th Cir. 2004) (stating the elements of a prima facie case of retaliation under the ADA)).

Defendants urge that Plaintiff has failed to state a claim for retaliation under the Rehabilitation Act. However, in support of this standard, Defendants echo only the "qualified individual" element that is part of the reasonable accommodation analysis. *See Lucas*, 257 F.3d at 1255. Defendants cite to no case law supporting how the necessary elements of the retaliation claim have not been pleaded in Plaintiff's Complaint. "On a Rule 12(b)(6) motion to dismiss, [t]he moving party bears the burden to show that the complaint should be dismissed." *Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (alteration in original) (internal citations removed). "Where a defendant seeking dismissal of a complaint under Rule 12(b)(6) does not provide legal authority in support of its arguments, it has failed to satisfy its burden of establishing its entitlement to dismissal." *Chi. Title Ins. Co. v. Schrader*, 693 F. Supp. 3d 1255, 1265 (S.D. Ala. 2023) (quoting *Spring Sols., Inc.*, 44 F. Supp. 3d at 1228).

17

Because Defendants articulate no argument in relation to the specific elements of a retaliation claim under the Rehabilitation Act, the Court finds ADPH has failed to meet its burden and the motion to dismiss Count II is due to be denied.

## IV. CONCLUSION

For the reasons stated above, it is ORDERED that Defendants' Motion to Dismiss is GRANTED in part and DENIED in part:

1. ADPH's Motion to Dismiss Count I for failure to state a claim is GRANTED without prejudice.

2. ADPH's Motion to Dismiss Count II for failure to state a claim is DENIED.

3. ADPH's Motion to Dismiss Plaintiff's claim seeking punitive damages pursuant to the Rehabilitation Act in Count II is GRANTED with prejudice.

4. ADPH's Motion to Dismiss Count III on the basis of Eleventh Amendment immunity is DENIED.

5. ADPH's Motion to Dismiss Count IV is GRANTED without prejudice.

DONE this 23rd day of July, 2025.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE